# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BENEDICT A. RIVERA,**

        **Plaintiff,**

**v.**                                              **Case No:   6:14-cv-2072-Orl-40DAB**

**HOLIDAY INN EXPRESS & SUITES,
SHIRAG SHAH, ANGIE SALTER and
STEPHANIE TAYLOR,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)** |
| **FILED:** | **December 19, 2014** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED, without prejudice** and the Complaint be dismissed, with leave to amend.

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis* the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all *[in forma pauperis]* litigants — prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis cases. Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn,* 746 F.2d 782, 785 (11th Cir. 1984).   The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2).   A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied,* 503 U.S. 921 (1992) (*quoting Harris v. Menendez,* 817 F.2d 737, 739 (11th Cir. 1987)).   To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id. (quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)).

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990).   Moreover, the district court may dismiss a complaint under Section 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* at 641, fn.2.   "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips,* 746 F.2d at 785, *citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

In *Johnson v. City of Shelby,* __ U.S. __, 135 S.Ct. 346, __L.Ed.2d __ (2014), the Supreme Court noted that the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Id.* As the Eleventh Circuit recently stated, however:

> Dismissal for failure to state a claim is appropriate if the complaint's **factual** allegations fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662,

678, 129 S.Ct. 1937, 1949 (2009); *see also Bell Atl. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").[] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949.

"Although a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case, it must provide enough factual matter (taken as true) to suggest intentional race discrimination." *Davis v. Coca–Cola Bottling Co.,* 516 F.3d 955, 974 (11th Cir.2008) (citation and quotation marks omitted). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949. While we construe *pro se* pleadings liberally, *Alba,* 517 F.3d at 1252, we do not have "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc., v. Cnty. of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir.1998) (citation omitted), *overruled on other grounds by Iqbal,* 556 U.S. 662, 129 S.Ct. 1937 (2009).

*Jacobs v. Biando*, No. 13-13405, 2014 WL 6613158, at *2 (11th Cir. 2014) (unpublished) (emphasis added).

Applied here, Plaintiff has filed an affidavit attesting to his indigency and has filed his action using the Civil Rights Complaint Form applicable to prisoners, as "the on line civil court form for non-incarcerated citizens is broken" and "clerk advised use this form."   In the Form, Plaintiff lists certain actions relating to his employment which he contends constitutes discrimination because of his sex, age, national origin and disability in violation of Title VII of the Civil Rights Act of 1964 and Title I of the Americans with Disabilities Act of 1990, as amended.   He also purports to assert a claim for unpaid overtime under state law. Although Plaintiff refers to the filing of an EEOC Complaint, he does not attach it to the Complaint.

While Plaintiff has invoked legal theories within the subject matter jurisdiction of this Court, the lumping together of all of the allegations in one section of the Form makes it difficult to ascertain the *factual* basis of each separate claim alleged, and whether such claims can be pursued against these Defendants.   For example, according to the Form, Plaintiff is suing the Hotel where he worked, the general manager of the hotel, his supervisor, and the head of housekeeping. To the extent he seeks to hold the individuals liable for discrimination, a Title VII claim "may be brought

against only the employer and not against an individual employee." *Dearth v. Collins,* 441 F.3d 931, 933 (11th Cir. 2006). Moreover, although Plaintiff purports to sue for sex, age, disability and national origin discrimination, the Form pleads no allegations as to his age or national origin;[1] the disability discrimination claim is difficult to evaluate, as presented; and, while some facts are alleged which appear to show that Plaintiff was not promoted and was terminated, there are no allegations to support a finding that these actions were due to intentional discrimination based on Plaintiff's gender or race. Further, other than mere conclusions, Plaintiff does not provide a basis to support a claim for unpaid overtime. Viewed as a whole, this Form does not meet the pleading standard and is therefore frivolous, within the meaning of the pauper statute.

Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint that states a claim within this Court's subject-matter jurisdiction on which relief could be granted.  *See Troville v. Venz,* 303 F.3d 1256, 1260 n.5 (11th Cir. 2002).   In an amended complaint, Plaintiff must clearly allege the legal basis of each cause of action, whether a constitutional provision, treaty, statute or common law.   Plaintiff must name as Defendants only those persons who are responsible for the alleged violations. Plaintiff should state each count separately, in numbered paragraphs limited, as far as practicable, to a single set of circumstances. *See* Rule 10, Federal Rules of Civil Procedure. Plaintiff must allege how each named Defendant participated in the activity that allegedly violated his rights.   Plaintiff must allege some causal connection between each Defendant named and the injury Plaintiff allegedly sustained. Finally, Plaintiff must allege specifically how he has been damaged (harmed or injured by the actions and/or omissions of the Defendant(s)).

For the reasons set forth above, it is **respectfully recommended** that the motion be **denied, without prejudice,** and the Form Complaint be dismissed, with leave to file an amended complaint within a time established by the Court along with a renewed motion to proceed *in forma pauperis.*

---

[1] Indeed, Plaintiff alleges that he was "born in New York City."

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 30, 2014.

_David A. Baker_

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy